Ronald M. CARTER, Petitioner–
Appellant,

v.

Harold W. CLARKE, Director of Virginia Department of Corrections, Respondent–Appellee.

No. 15–7056.

United States Court of Appeals, Fourth Circuit.

Submitted: Oct. 16, 2015.

Decided: Dec. 2, 2015.

Ronald M. Carter, Appellant Pro Se.

Before KING, DIAZ, and HARRIS, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald M. Carter seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 (2012) petition as untimely. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R.App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R.App. P.

4(a)(5), or reopens the appeal period under Fed. R.App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell,* 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007).

The district court's order was entered on the docket on May 26, 2015. The notice of appeal was filed on June 29, 2015.* Because Carter failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny leave to proceed in forma pauperis, deny Carter's motion for a certificate of appealability as unnecessary, and dismiss the appeal.

We note that, even if we construed Carter's notice of appeal as a request for an extension of time so as to resolve the timeliness issue, we would not grant him a certificate of appealability. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack,* 529 U.S. at 484–85, 120 S.Ct. 1595. We have independently

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R.App. P. 4(c); *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

reviewed the record and conclude that Carter has not made the requisite showing.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED.*